FILED

February 10 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0127

DA 14-0127

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 36N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

BENJAMIN DAVID MERCER,

Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 2013-238
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Peter F. Lacny, Brian M. Lebsock, Datsopoulos, MacDonald & Lind, P.C.;
Missoula, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General; Helena, Montana

Kirsten H. Pabst, Missoula County Attorney, Andrew Paul, Deputy County
Attorney; Missoula, Montana

Submitted on Briefs:   December 24, 2014
Decided:   February 10, 2015

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2      Benjamin David Mercer appeals from the order of the Fourth Judicial District Court, Missoula County, denying his motion to suppress evidence. We affirm.

¶3      On December 8, 2012, Missoula County Deputies responded to a report that Mercer was exhibiting odd behavior at the Crossroads Truck Plaza in Missoula. Mercer was speaking rapidly and appeared to be under the influence of a stimulant. Mercer agreed to talk to Deputy Jared Cochran in the back of a patrol car. After reading him his *Miranda* rights, Cochran questioned Mercer. Mercer explained that he was travelling from California. He admitted that he had used methamphetamine in California four days earlier. Cochran later testified that Mercer stated he believed the FBI was chasing him because he had been trying to impress a girl he met in California "by telling her about some drug and gang stuff."

¶4      Mercer's Lexus, parked in the Truck Plaza lot, was registered to an address in Victor, Montana. Cochran contacted Ravalli County Sheriff Deputy Todd Wofford to see if he had any information about Mercer. Wofford reported that in June 2012, Mercer had been driving a car that was stopped by law enforcement. The stop resulted in a passenger charged with a felony drug crime. In fact, charges against the passenger had been dismissed, but Wofford did not report that information to Cochran.

¶5      Wofford also told Cochran that a confidential source (CS) had contacted Stevensville Police Officer Sam Faycet with information about Mercer. Cochran contacted Faycet, and

2

learned that the CS had admitted to distributing marijuana on behalf of Mercer. The CS further stated that Mercer regularly travelled to and from California, bringing illegal drugs back to Montana using hidden compartments in his Lexus.

¶6 Cochran looked through the windows of Mercer's Lexus and observed that a piece of interior door paneling had been removed, along with a portion of the dashboard. Cochran also observed a large bottle of cologne and a large bottle of breath mints. Cochran testified that in his experience cologne and breath mints may be used to cover up the odor of an illegal substance. Cochran also observed a bag of what appeared to be clothes, indicative of someone travelling.

¶7 Cochran then arranged for a K-9 Unit to conduct a dog sniff of the vehicle. The K-9 dog gave five positive alerts for illegal drugs on the vehicle. Cochran then contacted an officer with the Missoula Drug Task Force, who reviewed Cochran's report and applied for a search warrant for the Lexus. The search warrant application included information about Mercer's passenger's arrest for a drug offense but not the fact that the charges against the passenger had been dismissed.

¶8 Missoula County District Court Judge Karen Townsend granted the search warrant on December 10, 2012. A search of the vehicle revealed approximately six pounds of marijuana hidden around the car, primarily in the speaker box and engine compartment. On May 10, 2013, Mercer was charged with criminal possession of dangerous drugs with intent to distribute.

¶9 On August 2, 2013, Mercer moved the District Court to suppress the marijuana evidence. Following a hearing held on October 15, 2013, the District Court denied Mercer's motion to suppress. Reserving his right to appeal the District Court's denial, Mercer pleaded

guilty to the lesser offense of felony criminal possession of dangerous drugs and received a three year deferred imposition of sentence. Mercer now appeals.

¶10 "We review a district court's denial of a motion to suppress to determine whether the court's findings of fact are clearly erroneous. A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if a review of the record leaves this Court with a definite and firm conviction that a mistake has been made. We further review a district court's denial of a motion to suppress to determine whether the court's interpretation and application of the law are correct. Our review is plenary as to whether the court correctly interpreted and applied the law." *State v. Roy*, 2013 MT 51, ¶ 11, 369 Mont. 173, 296 P.3d 1169 (citations omitted). A magistrate's determination that probable cause exists should be paid great deference by reviewing courts and every reasonable inference possible should be drawn to support that determination. *State v. Rinehart*, 262 Mont. 204, 211, 864 P.2d 1219, 1223 (1993). When information must be excised from an application for a search warrant, we review the warrant de novo for probable cause. *State v. St. Marks*, 2002 MT 285, ¶ 14, 312 Mont. 468, 59 P.3d 1113.

¶11 Mercer asks us to reverse the District Court for three reasons. First, because the canine sniff was not supported by particularized suspicion. Second, because the search warrant application contained information about Mercer's passenger's arrest for a drug crime but did not include the fact that the charge was never prosecuted. Third, because if the results of the canine sniff and the information about the passenger's arrest were excised from the application, probable cause did not exist to grant a search warrant for Mercer's vehicle. We address each argument in turn.

4

¶12 In Montana "a carefully drawn exception to the warrant requirement" allows law enforcement officers to conduct a canine sniff on an object or area already exposed to the public provided particularized suspicion exists. *State v. Stoumbaugh*, 2007 MT 105, ¶ 18, 337 Mont. 147, 157 P.3d 1137. Particularized suspicion requires: 1) objective data and articulable facts from which an officer can make certain reasonable inferences; and 2) a resulting suspicion that the person is committing, has committed, or is about to commit an offense. *Brown v. State*, 2009 MT 64, ¶ 20, 349 Mont. 408, 203 P.3d 842.

¶13 Mercer argues that not enough objective data existed to create particularized suspicion. Specifically, Mercer argues that "[a]cting paranoid and under the influence does not give rise to a particularized suspicion that drugs will be found in a particular location." The District Court disagreed that not enough data existed to create particularized suspicion. The court found:

> Credible testimony provided by Deputy Cochran at the suppression hearing shows that Defendant was speaking in a rapid and agitated manner when he encountered the deputies, Defendant appeared under the influence of a stimulant, Defendant acted paranoid when he stated that FBI agents were following him from California to Montana, and Defendant admitted to recent methamphetamine use.

Based on these observations, the District Court found that Officer Cochran had an objective basis to believe that the Defendant had been engaged in wrongdoing and to conduct a canine sniff of the exterior of the vehicle.

¶14 Officer Cochran's personal observations of Mercer's actions and demeanor led him to suspect that Mercer may have been involved in wrongdoing. The fact that a CS provided information indicating Mercer had been trafficking drugs from California as recently as six months prior using hidden compartments in his Lexus, combined with Mercer's admission

that he had travelled from California and Cochran's observation of modifications consistent with creating hidden compartments in the vehicle, supported Cochran's suspicion that Mercer may have been violating the law.

¶15 It should also be noted that in upholding the canine sniff, the District Court did not rely on the information regarding Mercer's passenger's arrest. We agree that particularized suspicion existed even without considering Mercer's association with a person charged with a drug crime. We find no reversible error in the District Court's determination that particularized suspicion supported the canine sniff.

¶16 Mercer contends that the search warrant application was defective because the State failed to mention that Mercer's passenger's drug charge had been dismissed. According to Mercer, this omission materially affected the issuing judge's determination that probable cause existed to grant the warrant. Mercer argues that we should adopt the Ninth Circuit's position that a material omission in a search warrant application may be grounds for overturning the search warrant. We need not reach that issue here.

¶17 We can resolve Mercer's question by reviewing the facts supporting probable cause without considering the passenger arrest. To establish probable cause, a judicial officer must make a practical, common sense determination, given all the evidence contained in the application for a search warrant, whether a fair probability exists that contraband or evidence of a crime will be found in a particular place. *State v. Barnaby*, 2006 MT 203, ¶ 29, 333 Mont. 220, 142 P.3d 809.

¶18   The facts supporting probable cause are those discussed above,[1] with the additional fact that the K-9 dog alerted five times to the vehicle during an exterior canine sniff. Considering these facts together, we conclude that a fair probability existed that contraband or evidence of a crime would be found in Mercer's Lexus.

¶19   Furthermore, we give great deference to the decision of a magistrate granting a search warrant. *Rinehart*, 262 Mont. at 211, 864 P.2d at 1223. The District Court afforded such deference to the issuing judge, finding that information gleaned from the passenger arrest was just one factor of many supporting probable cause. The District Court did not err in upholding the validity of the search warrant.

¶20   Because we have concluded that the canine sniff was supported by particularized suspicion and that probable cause existed to grant a search warrant even without evidence of the passenger arrest, we need not address whether the warrant application was defective because it omitted the fact that the passenger's drug charge was dismissed.

¶21   The objective data available to Officer Cochran (without information related to the passenger arrest) was sufficient to create particularized suspicion to perform a canine sniff. That data, when coupled with the fact that the K-9 dog alerted five times to the vehicle, amounted to probable cause sufficient for a search warrant. The District Court did not err when it denied Mercer's motion to suppress the evidence gathered from the search of his vehicle.

¶22   Affirmed.

¶23   We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for nonciteable memorandum opinions. The

---

[1] *See supra* ¶¶ 13-14.

District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

/S/ MICHAEL E WHEAT

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE